**Opinion filed September 27, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00098-CV

_____

## IN THE INTEREST OF B.C., A CHILD

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV 16-09-353**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and the father of B.C.  B.C.'s mother filed a notice of appeal. In three issues on appeal, she challenges the legal and factual sufficiency of the evidence to support the termination of her rights.  We affirm.

The termination of parental rights must be supported by clear and convincing evidence.  TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2017).  To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005).  To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on

the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. FAM. § 161.001(b).

After the final hearing in this case, the trial court found that Appellant had committed two of the acts listed in Section 161.001(b)(1)—those found in subsections (E) and (O). Specifically, the trial court found that Appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the physical or emotional well-being of the child and that Appellant had failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the child. The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child.

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination

may also constitute evidence illustrating that termination is in the child's best interest.  *C.J.O.*, 325 S.W.3d at 266.

The record shows that the Department became involved with B.C. shortly after his birth.  He was removed from Appellant's care and went directly from the hospital into foster care.  At the time of trial, eighteen-month-old B.C. remained in foster care and was doing well there.  The foster parents were meeting all of B.C.'s needs and wished to adopt him.  The Department's goal for B.C. was adoption by the foster parents.  The conservatorship caseworker testified that she believed that termination of both parents' rights would be in B.C.'s best interest.

The initial intake in this case stemmed from concerns over Appellant's mental health based upon her behavior at the hospital both before and after B.C. was born. In conjunction with a court-ordered family service plan, the trial court ordered Appellant to participate in counseling.  Appellant did not complete the court-ordered counseling despite the attempts of the Department and the trial court.  Appellant's third attempt at counseling was with Dr. Gustavus.  Appellant was so confrontational during her second appointment with Dr. Gustavus that he canceled the session halfway through and informed the Department that he was unwilling to provide any further services for Appellant.  Appellant also failed to comply with other provisions of her service plan.  For example, she did not obtain employment, and she failed two drug tests.

The conservatorship caseworker testified that Appellant's mental stability remained a concern throughout the pendency of this case and that Appellant continued to behave in the same concerning way that she had behaved at the hospital. Appellant's behavior was unpredictable.  For example, Appellant had yelled and screamed during the mediation in this case and was so disruptive that mediation was terminated because of her irrational behavior.  The caseworker testified that Appellant's behavior at the mediation was typical of the way Appellant acted when she was in "one of her bad states."  The caseworker believed that, based on

Appellant's mental instability, Appellant was a potential danger to B.C. Additionally, Appellant failed to appear for trial even though she had been given notice of the termination hearing.

In her second issue, Appellant challenges the legal and factual sufficiency of the evidence to support the trial court's finding under subsection (O). A finding may be made under subsection (O) if the evidence showed that the parent "failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child" and that the child has been in the managing conservatorship of the Department for at least nine months as a result of the child's removal from the parent for the abuse or neglect of the child. FAM. § 161.001(b)(1)(O). A court may not order termination under subsection (O) if the parent proved by a preponderance of evidence that the parent was unable to comply with specific provisions of the court order, that the parent made a good faith effort to comply, and that the parent's failure to comply was not attributable to any fault on the part of the parent. *Id.* § 161.001(d).

The undisputed evidence showed that Appellant failed to comply with the provisions of the trial court's order—as necessary for her to obtain the return of her child. Undisputed evidence also showed that B.C. had been in the managing conservatorship of the Department for well over nine months. Furthermore, there was evidence from which the trial court could have found that B.C. was removed from Appellant as a result of abuse or neglect. The Texas Supreme Court has held that the language "abuse or neglect of the child" as used in subsection (O) "necessarily includes the risks or threats of the environment in which the child is placed." *In re E.C.R.*, 402 S.W.3d 239, 248 (Tex. 2013). In *E.C.R.*, the court determined that "placing the child's physical health or safety at substantial risk" is sufficient to support a finding of "abuse or neglect." *Id.* at 240. Clear and convincing evidence supported the trial court's finding made pursuant to

subsection (O) of Section 161.001(b)(1). We hold that the evidence is legally and factually sufficient to support that finding, and we overrule Appellant's second issue.

Because a finding that a parent committed one of the acts listed in Section 161.001(b)(1)(A)–(U) is all that is required under that statute, we need not address Appellant's first issue, which relates to the sufficiency of the evidence with respect to the trial court's finding under subsection (E). *See* TEX. R. APP. P. 47.1.

In her third issue, Appellant challenges the trial court's finding that termination of her rights would be in the best interest of the child. Based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in the best interest of the child. *See Holley*, 544 S.W.2d at 371–72. Based upon our review of the entire record, we hold that the evidence, as set forth above, is both legally and factually sufficient to support the finding that termination of Appellant's parental rights is in the best interest of B.C. *See id.* We overrule Appellant's third issue.

We affirm the trial court's order of termination.

September 27, 2018                                      JIM R. WRIGHT

Panel consists of: Bailey, C.J.;                        SENIOR CHIEF JUSTICE
Gray, C.J., 10th Court of Appeals[1];
and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.